UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEVAUGHAN SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-1612** |
| **UNITED STATES OF AMERICA** | **SECTION: "M"(3)** |

### REPORT AND RECOMMENDATION

DeVaughan Smith, a federal prisoner in Georgia, filed this application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Although his current incarceration is based on federal criminal sentences, this application challenges his 1992 convictions in Louisiana state court.

Specifically, on September 11, 1992, petitioner pleaded guilty in the Louisiana Twenty-Fourth Judicial District Court to three counts of distribution of cocaine. He was sentenced on the first two counts to concurrent terms of five years and on the third count to a consecutive term of five years; however, execution of those sentences was initially suspended, and he was placed on probation.[1] His probation was then later revoked on May 30, 1996, and his sentences were made executory at that time.[2]

In 2015, petitioner challenged those convictions in the state district court.[3] The district court denied relief finding, *inter alia*, that petitioner's state sentences had been served, and, therefore, he was no longer in custody with respect to those convictions.[4] Although he sought

---

[1] State Rec., Vol. 1 of 4, minute entry dated September 11, 1992; State Rec., Vol. 1 of 4, guilty plea form.
[2] See Rec. Doc. 1-2, p. 26.
[3] State Rec., Vol. 2 of 4
[4] State Rec., Vol. 1 of 4, Order dated August 20, 2015.

reconsideration of that decision,[5] that was denied.[6] His related writ application was then likewise denied by the Louisiana Fifth Circuit Court of Appeal on May 15, 2018.[7] He thereafter sought review by the Louisiana Supreme Court; however, that court refused to consider his writ application because it was untimely.[8]

Petitioner then filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[9] The state filed a response in opposition arguing that the Court lacks subject matter jurisdiction over the application because petitioner is no longer in custody with respect to the state convictions he is challenging.[10] At his request, petitioner was given until June 25, 2021, to file a reply to the state's response;[11] however, so such reply was ever filed.

The state is correct.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "**in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Once a sentence imposed for a conviction has "fully expired," a federal habeas corpus petitioner is no longer considered to be "in custody" with respect to that conviction. Id. at 492.

---

[5] State Rec., Vol. 1 of 4.
[6] State Rec., Vol. 2 of 4, Order dated February 24, 2016.
[7] Smith v. State of Louisiana, No. 18-KH-77 (La. App. 5th Cir. May 15, 2018); State Rec., Vol. 2 of 4.
[8] Smith v. State of Louisiana, 253 So. 3d 150 (La. 2018); State Rec., Vol. 2 of 4.
[9] Rec. Docs. 1 and 27.
[10] Rec. Doc. 35.
[11] Rec. Doc. 37.

Here, there is no dispute that petitioner's sentences for the 1992 state convictions fully expired long before the instant application was filed.[12] As a result, the Court does indeed lack subject matter jurisdiction to entertain this challenge to those convictions. See, e.g., Fields v. Cain, Civ. Action No. 12-2143, 2012 WL 6674032, at *1 (E.D. La. Dec. 10, 2012), adopted, 2012 WL 6673777 (E.D. La. Dec. 20, 2012); Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *1 (E.D. La. Sept. 30, 2009); Johnson v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *2 (E.D. La. Apr. 11, 2008).

Out of an abundance of caution, the Court also makes two additional observations.

First, because petitioner is currently incarcerated **based on a subsequent federal conviction,**[13] and because his federal sentence in that federal case was enhanced based on the 1992 state convictions, the current application could be construed as a **28 U.S.C. § 2255 motion challenging that related federal criminal judgment**. Maleng, 490 U.S. at 493-94; Silvo, 2009 WL 3151166, at *2. Moreover, if the application were so construed, then the "custody" requirement would no longer be a problem – petitioner is clearly "in custody" with respect to that federal criminal judgment. **But**, nevertheless, that would not ultimately benefit petitioner, because he would then face a **different** problem arising from the fact that he previously filed a § 2255

---

[12] As the state noted in its response in this federal proceeding, petitioner conceded that those sentences were expired in his writ application filed in the Louisiana Supreme Court in Case No. 18-KH-1340. See State Rec., Vol. 4 of 4, writ application, p. 8 ("Relator's sentence was expired when this coram nobis petition was submitted for judicial review."). Further, if petitioner were now to attempt to argue otherwise in any objections to this Report and Recommendation, then he would bear the burden of proof to show that he met the custody requirement. See United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction. The facts supporting jurisdiction must be affirmatively alleged, and if challenged, the burden is on the party claiming that the court has subject matter jurisdiction.").

[13] In that federal case, "Devaughan Smith was convicted in a jury trial on one count of selling crack and on one count of using a telephone in connection with a murder-for-hire plot." United States v. Smith, 281 F. App'x 303, 304 (5th Cir. 2008).

3

motion challenging that federal criminal judgment. Because that prior motion was denied on the merits,[14] construing the instant application as another challenge to that same federal criminal judgment would result in it being a "second or successive" application. However, "second or successive" applications require **preauthorization** for filing. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Because the United States Fifth Circuit Court of Appeals has not granted petitioner authorization to file a successive or successive application challenging his federal criminal judgment, this Court would still lack jurisdiction to consider the application. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."). Accordingly, it would be a futile act to construe the application as a challenge to the federal criminal judgment.

Second, in any event, even if petitioner were granted authorization to file another § 2255 motion, he would still be prohibited from using it to challenge the validity of his present federal criminal judgment on the grounds that his predicate 1992 state criminal convictions were invalid. As the United States Supreme Court has held:

> **If … a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his**

---

[14] United States v. Smith, Crim. Action No. 06-325, 2010 WL 3942884 (E.D. La. Oct. 6, 2010), certificate of appealability denied, No. 10-31081 (5th Cir. July 12, 2011). See also United States v. Smith, Crim. Action No. 06-325, 2015 WL 3648676 (E.D. La. June 10, 2015) (denying related Rule 60(b) motion), certificate of appealability denied, No. 15-30571 (5th Cir. Mar. 4, 2016), cert. denied, 137 S. Ct. 402 (2016).

> **prior conviction through a motion under § 2255.** A defendant may challenge a prior conviction as the product of a <u>Gideon</u> violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding. See <u>United States v. Frady</u>, 456 U.S. 152, 167-168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (holding that procedural default rules developed in the habeas corpus context apply in § 2255 cases); see also <u>Reed v. Farley</u>, 512 U.S. 339, 354-355, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

<u>Daniels v. United States</u>, 532 U.S. 374, 382-83 (2001) (emphasis added).[15] Because petitioner's 1992 state convictions are no longer open to direct or collateral attack, he is prohibited from challenging his subsequent enhanced federal sentence in a § 2255 motion on the ground that the 1992 state convictions were invalid. <u>See, e.g.</u>, <u>Washington v. Louisiana</u>, Civ. Action No. 18-6541, 2019 WL 1412603, at *2 (E.D. La. Mar. 8, 2019), <u>adopted</u>, 2019 WL 1410523 (E.D. Mar. 28, 2019).

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[15] Here, petitioner does not argue that his 1992 state convictions resulted from a violation of <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963) (holding that it is a constitutional violation for a trial court to refuse to appoint counsel for an indigent defendant charged with a felony). Indeed, he could not do so, because he concedes – and the state court record shows – that he was represented in the 1992 state court proceedings by attorney Robert Pastor. See Rec. Doc. 27, p. 13, answers to Question No. 16; <u>see also</u> State Rec., Vol. 1 of 4, minute entry dated September 11, 1992.

result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __27th__ day of October, 2021.

 

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**